OPINION
Defendant, Andrew Jamison, appeals from his conviction and sentence for trafficking in crack cocaine.
After Defendant was indicted for trafficking in crack cocaine in an amount less than one gram in violation of R.C. 2925.03(A), a fifth degree felony, he filed a motion pursuant to R.C. 2951.041 seeking intervention in lieu of conviction. The trial court held that any person who is charged with a violation of R.C. 2925.03(A), as Defendant was, fails to satisfy the statutory requirements for intervention in lieu of conviction. Defendant thereafter entered a no contest plea and was found guilty by the trial court. Defendant was subsequently sentenced to five years of community control sanctions.
From his conviction and sentence Defendant has timely appealed to this court.
 ASSIGNMENT OF ERROR THE TRIAL COURT JUDGE ERRED IN DENYING DEFENDANT'S INTERVENTION IN LIEU OF CONVICTION MOTION AS A MATTER OF LAW.
In finding that Defendant does not satisfy the statutory eligibility requirements for intervention in lieu of conviction, the trial court regrettably failed to identify, much less discuss, the specific requirement that Defendant fails to satisfy. For purposes of this appeal, we will assume that the trial court adopted the reasoning on which the State relies in its appellate brief.
R.C. 2951.041 provides for intervention in lieu of conviction, formerly "treatment in lieu of conviction." That section permits a court which determines that an alleged offender would benefit from substance abuse treatment to commit him or her to its probation department for that purpose, avoiding trial and a possible conviction of the criminal charges involved. The form of supervision employed is "as if the offender was subject to community control sanction imposed under section 2929.15 or2929.18 of the Revised Code . . ." R.C. 2951.04(D). In exchange, the alleged offender must waive certain trial rights. Also, the alleged offender must request intervention prior to entering a guilty plea. Id.
R.C. 2951.041(B) sets forth eight requirements, all of which an offender must satisfy in order to be eligible for intervention in lieu of conviction. We are concerned here with only one of those requirements, (B)(1), which states, in relevant part, that:
 The offender . . . is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code . . . (Emphasis supplied.)
R.C. 2929.13(B)(2)(b) provides for community control sanctions upon conviction for a felony of the fifth degree. It states, inter alia:
 [i]f . . . the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
Defendant was charged with a fifth degree felony and was eligible for community control sanctions, which the trial court subsequently imposed. However, it appears that when Defendant sought intervention the court did not know that community control was the sanction it "would" impose, the particular test that paragraph (B)(1) of R.C. 2951.041, quoted above, sets out.
Intervention in lieu of conviction must be requested before a guilty plea is entered, and typically it is sought at an early stage of the proceeding. Ordinarily, it is not possible for the court then to know what penalty the court prospectively would impose. If eligibility for intervention in lieu of conviction is conditioned on the court's knowledge when the request is made that it would subsequently impose community control sanctions, a practical impossibility to granting that form of relief is presented. We are confident that the General Assembly could not have intended that result. Thus, it becomes necessary to interpret and ascertain what is meant by R.C. 2951.041 (B)(1), which employs the word "would" in that fashion. In so doing we are guided by canons of statutory interpretation favoring "textual integrity:" that is, that each statutory provision must be read with reference to the whole act, giving meaning to each. See John Hancock Mut. Life Ins. Co. v. Harris Trust Sav. Bank (1993), 114 S.Ct. 517, 523; Pavelic Leflore v. Marvel Entertainment Group (1989), 493 U.S. 120, 123-24; Massachusetts v. Morash (1989), 490 U.S. 107, 114-15.
We construe and interpret this particular requirement in R.C.2951.041(B)(1) to mean that the offender must be charged with a felony offense for which the court, upon conviction, would be permitted to impose community control sanctions. In other words, to be eligible for intervention in lieu of conviction, a Defendant must be charged with an offense for which community control sanctions are available. That was true in this case. Indeed, the court imposed community control sanctions upon the Defendant's conviction.
The State contends, however, and we assume that the trial court agreed, that Defendant cannot meet that particular eligibility requirement of R.C. 2951.041(B)(1) because of further limitations imposed by R.C. 2925.03(C)(4)(a), which provides:
 If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
 (a) . . . trafficking in cocaine is a felony of the fifth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
The State argues that because R.C. 2929.13(C) thus is made applicable to persons who are convicted of fifth degree felony cocaine trafficking in violation of R.C. 2925.03(A), Defendant cannot meet the community control eligibility requirement specified in R.C. 2951.041(B)(1) to permit the court to grant a motion for intervention in lieu of conviction. We disagree.
R.C. 2929.13(C) states:
 Except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11
of the Revised Code and with section 2929.12 of the Revised Code.
This provision does not prohibit the trial court from imposing community control sanctions. Rather, it merely states that in determining whether to impose a prison term as a penalty for a felony drug offense in violation of Chapter 2925 of the Revised Code, the trial court must comply with the purposes and principles of felony sentencing in R.C.2929.11, and consider the various factors in R.C. 2929.12 relating to the seriousness of the offender's conduct and the likelihood of recidivism. These general provisions, R.C. 2929.11 and 2929.12, are exhortatory in nature, and they neither compel the trial court to impose a term of imprisonment nor prohibit it from imposing community control sanctions. Rather, after consideration of these general factors, the trial court must exercise its discretion to determine what sentence to impose, including community control sanctions.
As we have interpreted R.C. 2951.041(B)(1), one of the requirements for eligibility for intervention in lieu of conviction is that the offender, upon conviction of a felony with which he is charged, must be eligible for community control sanctions. Neither R.C. 2925.03(C)(4)(a) nor R.C.2929.13(C) prohibit the trial court from imposing community control sanctions as a penalty for a fifth degree felony cocaine trafficking conviction in violation of R.C. 2925.03(A). Accordingly, the trial court erred in holding that any person who is charged with violating R.C.2925.03(A) is not, as a matter of law, eligible for intervention in lieu of conviction upon motion.
The assignment of error is sustained. The Defendant's conviction will be reversed and the case will be remanded to the trial court to determine, in the exercise of its sound discretion, whether to grant Defendant intervention in lieu of conviction pursuant to R.C. 2951.041.
 ______________ GRADY, J.
WOLFF, P.J. and YOUNG, J., concur.